IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE RODEN-KACZMAREK and JOSEPH KACZMAREK | ) ) ) | |
| Plaintiffs | ) ) | 05C 366 |
| vs. | ) ) ) | Judge Kennelly Magistrate Judge Ashman |
| VILLAGE OF LYONS and SERGEANT JOHN MORELLI | ) ) ) | |
| Defendants | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME the defendants, SERGEANT JOHN MORELLI and VILLAGE OF LYONS, through their attorneys, DOWD & DOWD, LTD., and pursuant to F.R.C.P. 50 moves this Honorable Court for entry of an Order granting judgment as a matter of law as the remaining counts in the plaintiffs' Complaint. In support thereof, the defendant states as follows:

## I.  INTRODUCTION

The complaint filed on behalf of the Kaczmarek comprises of nine counts; however Kaczmareks have elected to proceed under Counts I (excessive force); II (assault and battery); III (false arrest unlawful detention) IV(false arrest/false imprisonment). Sergeant Morelli denying the material allegations contained in the complaint and has also filed a number of affirmative defenses including qualified immunity and the immunity established by the Illinois Tort Immunity Act (See Affirmative Defenses 6 and 9). John Morelli is entitled to judgment as a matter of law inasmuch as plaintiffs cannot overcome his assertion of qualified immunity as well as the immunities afforded by 745 ILCS 10/2-201.

## II. SERGEANT MORELLI'S ACTIONS WERE OBJECTIVELY REASONABLE UNDER THE TOTALITY OF THE CIRCUMSTANCES.

Sergeant Morelli's actions were to gain control of the plaintiffs' who were actively resisting his efforts to gain entry was objectively reasonable within the meaning of the Fourth Amendment. To establish a claim of excessive force, the plaintiff must show that unreasonable force was use to accomplish an arrest or seizure. *Gram v. Connor*, 490 U.S. 386 (1989).

"Force" is defined as an exertion of power, violence, compulsion or constraint under a person or thing. *Landry v. Daly*, 290 F.Supp. 938 (N.D. Ill. 1968). These terms connote either physical attack upon a person or property, or physical aggression. *Id.* at 954. The plaintiffs' claims are analyzed under the Fourth Amendments objective reasonable standard. *Jones v. Webb*, 445 F.3d 178, 183 (7th Cir. 1995). Relevant facts "include the severity of the crime at issue, whether the suspect imposes an immediate threat to the safety of the officers or others and whether he is actively resisting or attempting to evade arrest by flight". Under this standard Courts have held that the determination of whether an officer's conduct was reasonable under the circumstances must allow for the fact that police officers are often to force to make split second decisions intense, uncertain and rapidly evolving situations. *Gram* 490 U.S. at 396; *Ford v. Childers* 855 F.2d 1271, 1276 (7th Cir. 1998). The plaintiffs must show that Sergeant Morelli's use of force was objectively excessive from the perspective of a reasonable officer on the scene under the totality of the circumstances. *Gram* 490 U.S. at 396-97; *Bell v. Irwin*, 321 F.3d 637, 639 (7th Cir. 2003). In view what occurred from Sergeant Morelli's point of view and assessing the reasonableness objectively, the record shows that his actions in this case was objectively reasonable.

Additionally Sergeant Morelli's decision to briefly detain Mr. Kaczmarek was objectively reasonably. The evidence introduced at trial shows that Mr. Kaczmarek acted in such

a way that interfered with Sergeant Morelli's efforts to assist the battery victim. Once the scene was secured, Kaczmarek was released. As much as he was held no longer than 2-5 minutes, plaintiff cannot claim that this "seizure" was unreasonable or otherwise constitutes a violation of the Fourth Amendment.

### III.  JOHN MORELLI IS ENTITLED TO PROTECTION AFFORDED BY THE DOCTRINE OF QUALIFIED IMMUNITY HE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO COUNTS I, III AND V OF THE COMPLAINT.

Qualified immunity shields governmental officials from liability for civil damages for discretionary acts that do not violate clearly established statutory constitutional rights of a reasonable person who know. *Crue v. Aiken*, 370 F.3d 668, 680 (7th Cir. 2004).

To determine if a defendant is entitled to qualified immunity, the Court must engage in a two-step analysis. It must first determine whether the plaintiff has asserted the violation of a Federal constitutional right. *Leaf v. Shelnutt*, 400 F.3d 1070, 1079 (7th Cir. 2005). If such a violation did occur, the Court must the determine whether the right was so clearly established at the time of the alleged violation that a reasonable officer would have known his actions were unconstitutional. *Saucier v. Katz*, 533 U.S. 1994, 2094, 2002, 121 S. Ct. 2151 (2001). The Supreme Court has recognized that peace officers will, in some cases, reasonably but mistaken conclude that probable cause is present and in such cases, those officials should not be held personally liable. *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034 (1997). The doctrine of qualified immunity is designed to give "ample room for mistakes in judgments by protecting all but the plainly incompetent or those who knowingly violate the law". *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534 (1991). An officer does not lose his or her qualified immunity because of a mistaken, yet reasonable belief, nor does the officer lose immunity

because of a reasonable mistake as to the legality of the officer's actions. *McCory v. City of Monticello*, 342 F.3d 842, 846 (8th Cir. 2003).

A plaintiff in a Section 1983 action seeking to overcome a qualified immunity defense bears the burden of establishing the existence of a clearly established constitutional right. *Crue*, 370 F.3d at 670 (7th Cir. 2004). The ultimate burden of proof is on the plaintiff to show that the defendant is not entitled to qualified immunity. *Scott v. Clay County*, 205 F.3d 867, 873 note 9 (6th Cir. 2000). Qualified immunity presents a question of law for the Court to decide. *Jones v. Webb*, 45 F.3d 178, 183 (7th Cir. 1995).

In determining whether an officer is entitled to qualified immunity, the first inquiry must be whether a constitutional right would have been violated on the facts alleged. *Saucier*, 533 U.S. 194, 200 (2001); *Payne v. Pauley*, 337 F.3d 767, 775 (7th Cir. 2003). If no constitutional right has been violated that is the end of the qualified immunity analysis. S*aucier* 533 U.S. at 201. If a violation could be made out on the facts taken in the light most favorable to the plaintiff, the next step is to ask whether the right was clearly established, that is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Wilson v. Layne*, 526 U.S. 603, 615, 119 S.Ct. 1692 (1999). The Supreme Court case law teaches that this inquiry must be "undertaken in the light of the specific context of the case". *Id*. at 201. Existing precedent also makes it clear that the doctrine of qualified immunity leaves "ample room for mistake in judgments by police officers". *Payne* 337 F.3d at 776.

When a claim of excessive force arises in the context of an arrest, the Court evaluates the officer's use of force, "according to the reasonable standard of the Fourth Amendment". *Morphine* 349 F.3d at 1004.

Even if the fact are viewed in the light most favorable to the plaintiffs, a jury cannot reason the conclusion that Sergeant Morelli acted unreasonable in using the force employed when the plaintiffs confronted him on October 31, 2004. Dispatch had advised Sergeant Morelli that a battery was in progress and a victim was bleeding from his head and requested an ambulance. Sergeant Morelli was obviously faced with exigent circumstances. Nevertheless, the plaintiffs admit that they did not allow him to enter the home and conduct any type of welfare check but instead obstructed his efforts. Given the nature of the information he possessed at the time it was objectively reasonable for Sergeant Morelli to use force so he could effect entry to the Kaczmarek. Sergeant Morelli did not strike, kick or otherwise battered the plaintiffs. In means of temporarily subduing the plaintiffs so that he could investigate a 911 call, Sergeant Morelli had reason to believe that a crime had been committed and the plaintiffs were obstructing his investigation of the crime and at the very least, he probable cause to believe that there were injured individuals on the premises.

While both plaintiffs deny resisting arrest, they admit that they did not allow Sergeant Morelli to enter in the premises and conduct a welfare conduct and went so far as to physically prevent him from entering the residence. Application to *Saucier* to this case requires this Court to award qualified immunity to Sergeant Morelli because plaintiffs cannot show that his actions were objectively unreasonable. Sergeant Morelli was acting in response to a 911 call of battery in progress. The plaintiffs were actively resisting his efforts to enter the home and in said doing placed him in fear of his own safety and obviously caused the officer to fear for the safety of the victim or victims described the 911 call. Accordingly, Sergeant John Morelli is entitled to judgment as a matter of law as to Count I.

## IV. SERGEANT JOHN MORELLI IS ENTITLED QUALIFIED IMMUNITY WITH RESPECT TO JOSEPH KACZMAREK'S FALSE ARREST/UNLAWFUL DETENTION CLAIM. (COUNT III)

As stated above, precedence establishes that when a defendant asserts qualified immunity, the burden is on the plaintiff to show why the defense fails. *Estate of Stevens v. City of Green Bay,* 105 F.3d 1169, 1174 (7th Cir. 1997). The nature of qualified immunity leaves ample room for mistake in judgment by police officers. The doctrine protects all but the plainly incompetent or those who knowingly violate the law. The relevant question is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confront. S*aucier*, 533 U.S. at 201. The evidence introduced into plaintiff's case in chief shows that Sergeant Morelli was not acting contrary to clearly established law when he arrested Joseph Kaczmarek. Thus he is entitled to qualified immunity. Kaczmarek conceded that obstructed Sergeant Morelli as Sergeant Morelli attempted to investigate the 911 call. Even the exigent circumstances presented, his conduct fails easily into the zone of qualified immunity.

## V. SERGEANT MORELLI IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO COUNT IV (FALSE ARREST/FALSE IMPRISONMENT).

A.  There was probable cause to temporarily detain Joseph Kaczmarek.

Joseph Kaczmarek claims that he was arrested and detained without probable cause and without any legal justification.

Sergeant Morelli is entitled to immunity pursuant to 745 ILCS 10/2-202. Sergeant Morelli has specifically invoked 745 ILCS 10/2-202 which provides as follows:

> Section 2-202, A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.

Kaczmareks false arrest/false imprisonment claim must fail inasmuch as he has failed to show that Sergeant Morelli acted willfully or wantonly.

B. Sergeant is entitled to judgment as a matter of law because the plaintiff is unable to establish a *prima facie* case for false arrest/false imprisonment.

The essential elements for an action for false arrest are that the plaintiff was restrained or arrested by the defendant and the defendant acted without probable cause or without having reasonable grounds to believe that an offense was committed. *Meerbery v. Marshall Fields & Company, Inc.*, 139 Ill.2d 455, 564 N.E. 1222 (1990).

## VI. SERGEANT MORELLI IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES.

While Section 1983 does not expressly authorize an award of punitive damages, the Supreme Court has held that a jury my assess punitive damages in a Section 1983 action when the defendant's conduct involves "reckless or careless disregard for the plaintiff's rights or intentional violations of federal law." *Smith v. Wade*, 461 U.S., 30, 51 (1983). It is undisputed that Sergeant Morelli was present at the Kaczmarek's residence in response to a 911 call. The 911 call information provided to him that a battery was in progress and a victim was bleeding from the head and requested an ambulance.

By attempting to gain entry to the residence. It is undisputed that Sergeant Morelli was acting in response to a 911 call thus it was imperative that he gain entry to the residence. There was no bad faith, ill-will or other improper motivation such as private vendetta, or some other illegitimate animist, i.e. race, ethnicity, or gender. Under no stretch of the imagination can his then conduct plaintiffs attribute to him be consider reckless. Likewise, even if plaintiffs' testimony is believed, the plaintiffs have failed to show that he acted with callous indifference towards their constitutional rights. Accordingly, Sergeant Morelli is entitled to judgment as a matter of law as to plaintiffs' punitive damages claim.

Inasmuch as Mr. and Mrs. Kaczmarek admit that they interfered with Sergeant Morelli as he attempted to respond to a 911 call. As result, he had probable cause to briefly detain Mr. Kaczmarek so that he could secure the scene and investigate the 911 call. He certainly had reasonable grounds to believe that Mr. Kaczmarek had committed the offense of obstructing a police officer as well as disorderly conducted. Accordingly, Sergeant Morelli is entitled to judgment as a matter of law as to the plaintiff's false arrest claims.

### VII. SERGEANT MORELLI IS ENTITLED TO JUDGMENT AS A MATTER AS TO COUNT II (ASSAULT AND BATTERY)

Both plaintiffs have filed false arrest claims for battery. Since it is undisputed that Sergeant Morelli was acting as an law enforcement officer and was in fact executing and/or enforcing law at the time of the occurrence, he is entitled to the immunities provided by 745 ILCS 10/202. This section provides that a public employee is not liable for his acts or omission in the execution or enforcement of any law unless act or omission constitutes willful and wanton conduct. Neither plaintiff has introduced evidence which shows that Sergeant Morelli acted willfully or wantonly. It is undisputed that he was responding to a 911 call and that both plaintiffs interfered with his attempts to gain access to the residence so that he could investigate that call. As such, his conduct cannot be characterized as willful and wanton and he is entitled to judgment as a matter of law as to Count II.

        DOWD & DOWD, LTD.

        /s/ Jeannine S. Gilleran
        Attorneys for Defendants
        VILLAGE OF LYONS and
        SERGEANT JOHN MORELLI

## CERTIFICATE OF SERVICE

    I, Jeannine S. Gilleran, an attorney, state that the notice of filing Defendants' Motion For Judgment as a Matter of Law was served electronically to all law firms of record via ECF on January 10, 2007.

                        By:    /s/ Jeannine S. Lunt
                                    Attorney for Defendants

Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL 60661
Tx: 312/704-4400
Fx: 312/704-4500